UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,                    :
                                             :
                    Plaintiff,               :
                                             :          **REPORT AND**
        -against-                            :          **RECOMMENDATION**
                                             :
GUS GOLFINOPOULOS aka KOSTAS                  :          15 Civ. 3220 (ENV) (VMS)
GOLFINOPOULOS aka COSTAS                      :
GOLFINOPOULOS,                               :
                                             :
                    Defendant.               :
-----------------------------------------------------X

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff the United States of America ("Plaintiff" or "the Government")

commenced this action against Defendant Gus Golfinopoulos a/k/a Kostas

Golfinopoulos a/k/a Costas Golfinopoulos ("Defendant") seeking to recover

student loan debts owed to the Government.  See Compl., ECF No. 1.  Upon

Defendant's failure to answer the Complaint, the Clerk of Court noted his default.

See Clerk's Entry of Default, 12/8/15 Dkt. Entry.  Before this Court on referral

from the Honorable Eric N. Vitaliano is Plaintiff's Second Motion for a Default

Judgment against Defendant ("Default Motion").  See Default Mot., ECF No. 12.

1

For the reasons set forth below, this Court respectfully recommends that the District Judge grant Plaintiff's second motion for default judgment and enter a judgment against Defendant in the amount of $43,593.15 in owed principal on Defendant's student loans, and award pre- and post-judgment interest as discussed below.

## I.    BACKGROUND

The following facts are derived from the Complaint at ECF Nos. 1 and 12-4; Plaintiff's Second Motion for Default Judgment (together with the exhibits attached thereto) at ECF No. 12, et seq.; the affirmation of Plaintiff's attorney John Manfredi at ECF No. 12-2; and the affidavits of Department of Education Loan Analysts Alberto Francisco and Anthony Lowery at ECF Nos. 12-1, 12-4 and 12-7. Unless otherwise stated, the allegations in the Complaint are accepted as true for purposes of this motion.

### a.    Factual Background

According to the Complaint, Defendant failed to repay student loans he borrowed in 1981, 1982, 1987, and 1988. See Compl. ¶¶ 3-4. In support of its claim, the Government attached to its Complaint two sworn Certificates of Indebtedness ("COIs" and referred to as "COI 1" and "COI 2," respectively) from the United States Department of Education ("DOE"), which it updated in connection with its motion for default. Id. pp. 3-4; ECF No. 12-7. These

documents allege that DOE records show Defendant is indebted to the United States for the amounts stated as of the date of the document, plus any additional interest accruing thereafter.  Id.  The Government seeks to recover the unpaid balance of the loans, plus pre- and post-judgment interest.  See Compl. at ECF No. 1, generally.

COI 1 alleges that Defendant executed promissory notes for student loans totaling $30,500.00 from Dollar Savings and Chase Banks in 1981, 1987, and 1988 (collectively, the "COI 1" loans).  ECF No. 12-7, p. 2.  The COI 1 loans were disbursed to Defendant for "$2,500.00 on January 19, 1981, $3,000.00 on October 26, 1981, $2,500.00 on August 16, 1982, $7,500.00 on April 7, 1987, $7,500.00 on November 18, 1987 & $7,500.00 on December 15, 1988, at 7 percent interest per annum."  Id.  These loans were guaranteed by the New York State Higher Education Services Corporation ("NYSHESC") and the United Student Aid Funds, Inc., then reinsured by the DOE under loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965, 20 U.S.C. § 1071.  Id.  The holders demanded payment according to the terms of these promissory notes and credited $4,210.14 toward the outstanding principal owed.  Id.  Defendant defaulted on these loans on December 22, 1993, and July 28, 1994.  Id.  The holders filed claims on the loan guarantees. and the guaranteeing agencies paid $27,644.42 on those claims.  Id.  The DOE then reimbursed the guarantors for these claim payments

under the terms of the reinsurance agreement.  Id.  On May 22, 2002, and August 31, 2004, the guarantors assigned the rights and titles to these loans to the DOE. Id.  Since the DOE received the rights and titles to the loans, it has credited a further $384.84 in payments (from all sources, including Treasury Department offsets, if any) to the balance.  Id.  COI 1 alleges that as of June 6, 2019, Defendant owes $27,644.42 in principal on these loans, as well as $47,017.19 in pre-judgment interest, for a total debt under COI 1 of $74,661.61.  ECF No. 12-7.

COI 2 is similar and alleges that Defendant executed promissory notes for student loans totaling $12,000.00 from Chase Banks in 1987 and 1988 (collectively, the "COI 2" loans).  ECF No. 12-7, p. 3.  These loans were disbursed for $4,000.00 on February 4, 1987, August 19, 1987, and again on July 26, 1988, at a variable interest rate to be established annually by the DOE.  Id.  These COI 2 loans were guaranteed by the United Student Aid Funds, Inc., then reinsured by the DOE under the same loan guaranty programs as COI 1.  Id.  The holder demanded payment in accordance with the terms of the notes, and when Defendant defaulted on his obligations on December 22, 1993, the holder filed a claim on the loan guarantee.  Id.  United Student Aid Funds, Inc. paid that claim in the amount of $15,948.73, which the DOE then reimbursed.  Id.  The DOE obtained the rights and titles to the loans on May 22, 2002.  Id.  Since obtaining the loans, the DOE has credited $280.19 in payments (from all sources including Treasury Department

offsets, if any) to the balance.  Id.  COI 2 alleges that as of June 6, 2019, Defendant

owes $15,948.73 in principal on these loans, as well as $25,236.22 in interest, for a

total debt under COI 2 of $41,184.95.  Id.

The Government has sought collection of these outstanding debts from

Defendant, but he has "neglected and refused to pay the same."  Compl. ¶ 4.

### b.    Procedural Background

Plaintiff filed this action against Defendant on June 3, 2015, and it filed

proof of service of the summons and complaint on August 12, 2015.  See ECF

Nos. 1, 5.  Defendant did not appear, answer or respond in any way.  See Dkt.,

generally.  Plaintiff requested a certificate of default, which the Clerk of Court

entered on December 8, 2015.  ECF No. 7; Dkt. Entry 12/8/2015.  On January 26,

2016, Plaintiff moved for default judgment and provided proof of service of the

default motion and supporting papers.  ECF No. 8.  Shortly thereafter, the

Honorable Eric N. Vitaliano denied the motion without prejudice to renew on the

grounds that the motion did not comply with the requirements of Local Civil Rule

55.2(b).  ECF No. 9.  Several years later, on June 6, 2019, Plaintiff submitted a

revised second motion for default judgment and supporting papers along with

proof of service of same.  See generally, Default Mot., ECF No. 12 et seq.  Judge

Vitaliano referred the default motion to this Court for a report and

recommendation.  This Court issued a status report order on July 17, 2019,

directing Defendant to respond to the default motion by August 6, 2019, and mailed copies of that Order along with the docket to Defendant at the address used by Plaintiff for service, as well as two other publicly available addresses for Defendant.  7/17/2019 Dkt. Entry.  This Court issued an additional status report order on January 21, 2020, directing Defendant to respond to Plaintiff's motion for default judgment by January 28, 2020, and it sent copies of that Order as well as the docket by mail to the address listed on the docket and used by Plaintiff for service, as well as to four other publicly available addresses for Defendant.  1/21/2020 Dkt. Entry.  The Court also sent these documents to two publicly available email addresses which Defendant appears to have used in connection with legal filings in other matters and as part of his attorney registration with the New York State Unified Court System.  Id.  No response was received to any of these communications, and Defendant has not otherwise contacted the Court.  See Dkt., generally.

## II.    Legal Standard

Federal Rule of Civil Procedure ("Rule") 55 establishes a two-step procedure by which a party may obtain a default judgment.  See Bricklayers & Allied Craftworkers Local 2, Albany, NY Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Fed. R. Civ. P. 55); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993).  First, if a party has

failed to plead or otherwise defend against an action, the clerk of court must enter a certificate of default by making a notation on the record.  See Fed. R. Civ. P. 55(a). Second, after this entry of default, if the defaulting party still fails to appear or move to set aside the default, the court may enter a default judgment if the complaint is well-pleaded.  See Fed. R. Civ. P. 55(b).  The trial court has "sound discretion" to grant or deny a motion for default judgment.  See Enron Oil, 10 F.3d at 95.  In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored," and doubts should be resolved in favor of the defaulting party.  Id. at 95-96 (recognizing "the responsibility of the trial court to maintain a balance between clearing its calendar and affording litigants a reasonable chance to be heard").

The court must therefore "ensure that (1) Plaintiff took all the required procedural steps in moving or default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law."  SAC Fund II 0826, LLC v. Burnell's Enter., Inc., 18 Civ. 3504 (ENV) (PK), 2019 U.S. Dist. LEXIS 193952, 2019 WL 5694078, at *4 (Sept. 7, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 197737, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019) (citing Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009));

see Bhagwat v. Queens Carpet Mall, Inc., 14 Civ. 5474 (ENV) (PK), 2017 U.S.

Dist. LEXIS 192728, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A

motion for default judgment will not be granted unless the party making to motion

adheres to all of the applicable procedural rules.").

### III.    Plaintiff Properly Served Defendant With The Complaint

"A default judgment is ordinarily justified where a defendant fails to

respond to the complaint."  SEC v. Anticevic, No. 05 Civ. 6991 (KMW), 2009

U.S. Dist. LEXIS 111008, at *6 (S.D.N.Y. Nov. 30, 2009) (citing Bermudez v.

Reid, 733 F.2d 18, 21 (2d Cir. 1984)).  "Among other things, the moving party

must demonstrate that entry of default is appropriate, which requires a showing

that the nonappearing party was effectively served with process."  Sik Gaek, Inc. v.

Yogi's II, Inc., 682 F. App'x 52, 54 (2d Cir. 2017) (citing 10A Charles Alan

Wright et al., Fed. Prac. & Proc. § 2682 (4th ed.)); see also Local Civil Rule 55.1

("A party applying for entry of default under Fed. R. Civ. P. 55(a) shall file: . . . an

affidavit demonstrating that . . . the pleading to which no response has been made

was properly served."); Aspex Eyewear, Inc. v. Cheuk Ho Optical Int'l Ltd., No.

00 Civ. 2389 (RMB), 2005 U.S. Dist. LEXIS 35011, 2005 WL 3501900, at *1

(S.D.N.Y. Dec. 21, 2005) ("A default judgment obtained by way of defective

service is void ab initio and must be set aside as a matter of law.") (quotations

omitted).  Pursuant to Rule 4(e)(1), service may be effected in accordance with the

8

service rules of the state where the district is located or service is made.  Section 308(2) of the New York Civil Practice Law and Rules ("NYCPLR") permits personal service based on delivery of the summons and complaint "within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence . . .  such delivery and mailing to be effected within twenty days of each other . . . ."  NYCPLR § 308(2).  Here, the Government served Defendant with notice of this action by delivering the summons and complaint to his last known address; leaving the aforementioned documents with a co-tenant of suitable age and discretion on July 25, 2015; mailing a further copy of each of these documents to the same address on July 31, 2015; and filing a return of summons with the Court by August 12, 2015.[1]  See ECF No. 5.  The Government thus properly served Defendant pursuant to NYCPLR § 308(2) and Rule 4(e)(1).

---

[1] We note that Defendant appears to be (or have been) a practicing attorney in this state and the address used for service is the same as that available on the website of the New York State Unified Court System; thus, the Court has some assurance that this address is an accurate one.

## IV.    Plaintiff Complied With Local Rule 55.2(c)

Local Rule 55.2(c) of the United States District Courts for the Southern and Eastern Districts of New York requires that "all papers submitted to the Court" in support of a motion for default judgment "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) . . . ."  Local Civ. R. 55.2(c).  "Proof of such mailing shall be filed with the Court."  Id.  "It is important that individuals be given notice that a party is asking the Court to enter a default judgment against them. The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served on the individual's residence."  Miss Jones, LLC v. Viera, 18 Civ. 1398 (NGG) (SJB), 2019 U.S. Dist. LEXIS 19510, at *12, 2019 WL 926670, at *4 (Feb. 5, 2019), R & R adopted, 2019 U.S. Dist. LEXIS 30368, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019).  Here, the Government filed an affidavit of service with the Court at ECF No. 12-10 confirming that it served the within notice of motion for a default judgment on Defendant at the same address available on the New York State Unified Court System.  Accordingly, the Court finds that the requirements of Rule 55.2(c) have been met.

## V.    The Factors Relevant To A Default Judgment Are Satisfied

When determining whether to grant a default judgment, the Court is guided by the same factors that apply to a motion to set aside an entry of a default.  See

Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001); Enron Oil, 10 F.3d at 96.  These factors include: (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether a meritorious defense has been presented.  See Swarna v. Al-awadi, 622 F.3d 123, 142 (2d Cir. 2010); Enron Oil, 10 F.3d at 96.

As to the first factor, Defendant's nonappearance and failure to respond sufficiently demonstrates willfulness.  See S.E.C. v. McNulty, 137 F.3d 732, 738-39 (2d Cir. 1998) (holding that defendant's non-appearance and failure to respond equated to willful conduct); Bds. of Trs. v. Frank Torrone & Sons, Inc., No. 12 Civ. 3363 (KAM) (VMS), 2014 U.S. Dist. LEXIS 22282, 2014 WL 674098, at *4 (E.D.N.Y. Feb. 3, 2014) (finding defendant's failure to answer or respond in any way to a properly served complaint demonstrated willfulness); see also Jaramillo v. Vega, 675 F. App'x 76, 77 (2d Cir. 2017) ("A default is willful when the conduct is "'more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'") (quoting Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015)).  Defendant neither answered nor responded to the summons and complaint.  Defendant did not respond to the Government's default motions or otherwise appear in this action despite receiving notice of the motion and several court orders.  See ECF Nos. 5-6, 8, 12-10 (affidavits of service and related

11

documents); 7/17/2019, 1/21/2020 Dkt. Entries (court orders directing Defendant to respond to the motion for default judgment).  Defendant's failure to respond to the Complaint, the instant motion, the prior motion for default and the Court's orders sufficiently demonstrates willfulness.  See, e.g., Jaramillo, 675 F. App'x at 77 ("[Plaintiff] did not dispute that he had received and ignored numerous documents from the court, and his assumption that the documents were related to a pending workers' compensation action was more than mere negligence.") (citing Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (holding a default "willful" where the defendant did not deny that he received the complaint, the court's orders, or the notice of default judgment and did not contend that his noncompliance was due to circumstances beyond his control)).

Second, denying the default motion would be prejudicial to the Government insofar "as there are no additional steps available to secure relief in this Court." United States v. Mance, No. 17 Civ. 2902 (NGG) (SJB), 2017 WL 4857566, at *3 (E.D.N.Y. Oct. 24, 2017) (internal quotation marks omitted); Reliance Commc'ns LLC v. Retail Store Ventures, Inc., No. 12 Civ. 2067 (ADS) (AKT), 2013 WL 4039378, at *4 (Aug. 7, 2013), R & R adopted, ECF No. 33 (E.D.N.Y. Aug. 29, 2013); Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868, at *2 (Oct. 27, 2008), R & R adopted, ECF No. 18 (S.D.N.Y. Jan. 26, 2009).  "Without the entry of a default judgment, Plaintiff

would be unable to recover for the claims adequately set forth in the [c]omplaint."
Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 148 (E.D.N.Y. 2013); Reliance,
2013 WL 4039378, at *4.

Third, Defendant cannot establish a meritorious defense because, by failing
to appear in this action, he is unable to present any evidence regarding a defense.
See id. at 143 ("Where a defendant fails to answer the complaint, courts are unable
to make a determination whether the defendant has a meritorious defense to the
plaintiff's allegations, and, accordingly, this factor weighs in favor of granting a
default judgment.").  Defendant's failure to answer or otherwise respond to the
complaint constitutes an admission of the factual allegations therein.  See
Greathouse v. JHS Sec. Inc., 784 F.3d 105, 107 (2d Cir. 2015); Chen v. Jenna
Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) ("Where . . . the court
determines that defendant is in default, the factual allegations of the complaint,
except those relating to the amount of damages, will be taken as true." (internal
quotation marks omitted)).

As all three factors are satisfied, a default judgment would be proper in the
present circumstances if the Complaint were adequately pleaded.  This Court
considers whether the facts alleged in the Complaint establish Defendant's liability
under the claims alleged.  Damages are discussed in Section VII, below.

## VI.   Liability

The United States Court of Appeals for the Second Circuit has not yet written on the elements required for the DOE to establish its entitlement to collect monies due on an unpaid student loan on default.  It has affirmed a district court decision providing that "[t]he Government is entitled to summary judgment if its evidence establishes that [defendant] signed promissory notes, received loans pursuant to these notes, and defaulted on [his] payment obligations . . . and if its evidence supports the amount it alleges is due."  United States v. Cohan, 11 F. Supp. 3d 166, 172 (D. Conn. 2015) (citations omitted), aff'd, 667 F. App'x 6, 7 (2d Cir. 2016), cert. denied, 137 S. Ct. 1078, 197 L. Ed. 2d 179 (2017).  The Court accepts Plaintiff's assertion that United States v. Thomas, No. 16 Civ. 6076 (MKB), 2017 U.S. Dist. LEXIS 94229, *4-5, 2017 WL 2656123, at *2 (E.D.N.Y. June 19, 2017), provides the appropriate standard by which it may establish its claim to recover unpaid student loans from Defendant, a standard essentially the same as that of the Cohan case.  ECF No. 12-2 ¶ 16.

Under Thomas, the DOE must establish: (1) that the defendant signed a promissory note to secure the loan; (2) that the DOE issued the loan funds; (3) that the defendant defaulted on the loan; and (4) the remaining amount due on the

14

loan.[2]  See United States v. Thomas, No. 16 Civ. 6076 (MKB), 2017 U.S. Dist.

LEXIS 94229, *4-5, 2017 WL 2656123, at *2 (E.D.N.Y. June 19, 2017)

(collecting cases).

Applying Cohan and Thomas to the submissions here, the Complaint's

allegations and the supporting COIs which are detailed above and deemed admitted

due to Defendant's default, establish Defendant's liability even without the

submission of the notes themselves.[3]  He signed promissory notes to secure loan

---

[2] Some other Circuits apply a similar standard.  See, e.g., United States v. Carter, 506 F. App'x 853, 856, 858 (11th Cir. 2013) ("The government also filed a copy of the promissory note at issue, which showed that Carter had signed the note. . . . To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default.") (citing United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001)); United States v. Petroff-Kline, 557 F.3d 285, 290 (6th Cir. 2009) ("To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default") (citations omitted).

[3] The Court notes that the better practice for the Government would be to provide a more complete record that includes the underlying promissory notes with the complaint.  See Thomas, 2017 U.S. Dist. LEXIS 94229, at *5 ("The DOE may establish all of the elements entitling it to a judgment if it includes facts alleging each element in its complaint and provides the court with the promissory note the defendant executed and a certificate of indebtedness.") (collecting cases); cf. United States v. Champion, No. 17 Civ. 605 (KAM) (RML), 2017 U.S. Dist. LEXIS 211669, at *6-7, 2017 WL 7790004, at *3 (Dec. 22, 2017) (collecting cases) ("Consistent with the weight of authority in this district, I find that a promissory note and Certificates of Indebtedness from the DOE constitute sufficient evidence upon which to base an award of damages."), R & R adopted, 2018 U.S. Dist. LEXIS 27255, 2018 WL 1033244 (E.D.N.Y. Feb. 20, 2018).  Nonetheless, the allegations in the Complaint and the two COIs are sufficient to establish liability.

funds issued by lenders whose rights the DOE now holds and defaulted on those loans, and there are remaining amounts due on the loans.  See United States v. Leonardi, No. 18 Civ. 832 (FJS) (DJS), 2019 U.S. Dist. LEXIS 56054, at *5, 2019 WL 1454697 (N.D.N.Y. Apr. 2, 2019) (finding the Government had "pled sufficient facts to establish that it is entitled to default judgment" under Thomas based on the allegations in the complaint and the COIs attached thereto); United States v. Mahaney, No. 18 Civ. 650 (FJS) (DEP), 2019 U.S. Dist. LEXIS 19857, at *4-5, 2019 WL 477949 (N.D.N.Y. Feb. 7, 2019) (the Government established its entitlement to default judgment under Thomas based on the allegations in the complaint and attached COI); United States v. Williams, No. 17 Civ. 566 (NGG) (RER), 2017 U.S. Dist. LEXIS 204397, at *4, 2017 WL 7052280, at *2 (Dec. 8, 2017)  (". . . Plaintiff's allegations in the complaint and the [COI] establish Defendant's liability [under Thomas] in connection with the motion for default judgment regarding the claims for unpaid student loan payments."), R & R adopted, 2018 U.S. Dist. LEXIS 12341, at *1, 2018 WL 581050, at *1 (E.D.N.Y. Jan. 24, 2018); United States v. Kemp, No. 15 Civ. 02419 (PKC), 2015 U.S. Dist. LEXIS 147537, at *5, 2015 WL 6620624, at *2 (E.D.N.Y. Oct. 30, 2015) (finding the allegations in the complaint and the certificates of indebtedness established defendant's liability for unpaid student loans on a motion for default judgment.); see also United States v. Falcon, 805 F.3d 873, 876 (9th Cir. 2015) ("The

16

government established a prima facie case through certificates of indebtedness, which were signed under the penalty of perjury, showing that [Defendant] executed promissory notes to secure loans, defaulted on the loans, and owed the United States certain amounts after offsets from various sources."); United States v. Ballentine, No. 16 Civ. 6066 (RRM), 2017 U.S. Dist. LEXIS 66311, at *3-5, 2017 WL 1653436, at *1 (E.D.N.Y. May 1, 2017) (finding the defendant liable for unpaid student loan debt on a motion for default judgment based on a COI); United States v. Bradley, No. 16 Civ. 6068 (ADS) (AYS), 2017 WL 1232469, at *2 (E.D.N.Y. Feb. 27, 2017) ("The Court finds that the factual allegations set forth in the Complaint in conjunction with the two [COIs] sufficiently establish the Defendant's liability.") (citing Kemp, 2015 WL 6620624, at *2), R & R adopted, 2017 U.S. Dist. LEXIS 50433, 2017 WL 1232508 (E.D.N.Y. Apr. 3, 2017).

## VII. Damages

A party's default constitutes a concession of all well-pleaded allegations, except for those relating to damages.  See Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  The court must conduct an inquiry sufficient to determine the amount of damages to a "reasonable certainty."  Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); see Cement & Concrete Workers,

699 F.3d at 232.  Once a defendant is found to be in default, a plaintiff must prove that the compensation he or she seeks relates "to the damages that naturally flow from the injuries pleaded."  Greyhound, 973 F.2d at 159.  This inquiry may be accomplished by evaluating the detailed affidavits and documentary evidence submitted by the plaintiff or conducting an evidentiary hearing to evaluate the amount of damages to be awarded against a defaulting defendant.  See Fed. R. Civ. P. 55(b)(2); see also Cement & Concrete Workers, 699 F.3d at 234 ("[A] district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence."); Finkel v. Romanowicz, 577 F.3d 79, 87 (2d Cir. 2009) ("Rule 55(b) commits this decision to the sound discretion of the district court.").

In addition to the principal of the loan, under the Higher Education Act, the DOE may "require any borrower who has defaulted on a loan made under this part to pay all reasonable collection costs associated with such loan."  20 U.S.C. § 1087e(d)(5)(A).  This may include pre-judgment interest and the costs of serving the summons and complaint on defendant.  See Thomas, 2017 U.S. Dist. LEXIS 94229, at *6 (citing United States v. Bunbury, No. 15 Civ. 3764 (JS), 2015 U.S. Dist. LEXIS 167917, at *5-8, 2015 WL 9050581, at *3 (E.D.N.Y. Dec. 15, 2015); United States v. Jones, No. 11 Civ. 2869 (JFB), 2015 U.S. Dist. LEXIS 7896, 2015 WL 332115, at *3 (E.D.N.Y. Jan. 23, 2015)).  Here, the Government seeks pre-

judgment interest, but not costs.  ECF Nos. 1, 12-2.  Based upon the detailed and sworn COIs and affidavits, the Court is able to determine damages with reasonable certainty without an evidentiary hearing.  See, e.g., Ballentine, 2017 U.S. Dist. LEXIS 66311, at *3-5, 2017 WL 1653436, at *2; Thomas, 2017 U.S. Dist. LEXIS 94229, at *7-8; Bunbury, 2015 U.S. Dist. LEXIS 167917, at *5-8; Kemp, 2015 U.S. Dist. LEXIS 147537, at *5-8.

This Court respectfully recommends finding Plaintiff has established that Defendant owes a total principal balance of $43,593.15 based on the COIs (COI 1: $27,644.42 + COI 2: $15,948.73) and recommends that Plaintiff be awarded same. ECF No. 12-7.  Pursuant to the terms of Defendant's loans under COI 1, as of June 6, 2019, he owed $47,017.19 in pre-judgment interest accrued on the principal.  Id. The Court thus respectfully recommends that Plaintiff be awarded this pre-judgment interest under COI 1, as well as any further interest which has accrued at the daily rate of $5.29 from June 7, 2019,[4] until any judgment is entered herein.

Under the terms of COI 2, as of June 6, 2019, Defendant owed $25,236.22 in pre-judgment interest accrued on the balance of that principal.  Id.  The Court recommends that Plaintiff be awarded this pre-judgment interest, as well as any further interest which has accrued at the daily rate of $2.45 through June 30, 2019.[5]

---

[4] The interest accrued from June 7, 2019 through today is $1,333.08.
[5] The interest accrued from June 7, 2019 through June 30, 2019 is $56.35.

Because this is a variable interest rate which may change each fiscal year, ECF No. 12-2 p. 3 n.1, the Court further respectfully recommends that Plaintiff be directed to supplement the record to indicate the appropriate daily rate from July 1, 2019, and that Plaintiff be awarded such further interest that has accrued at that daily rate from July 1, 2019, until any judgment is entered herein.

### a. Post-judgment Interest

The Government is entitled to post-judgment interest under 28 U.S.C. § 1961(a), which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); see Kemp, 2015 U.S. Dist. LEXIS 147537, at *8. Under the statute, post-judgment interest is calculated "from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). Plaintiff is entitled to statutory post-judgment interest on the money judgment, which should be calculated by the Clerk of Court from the date the Clerk of Court enters judgment in this action until the date of payment, using the federal rate set forth in 28 U.S.C. § 1961.

## VIII.  Conclusion

For the foregoing reasons, this Court respectfully recommends that the District Judge: (i) enter default judgment for liability against Defendant on the Government's claim of unpaid student loans; (ii) enter a default judgment for damages against Defendant and in favor of the Government for $43,593.15 in owed principal on those loans.  In addition, this Court respectfully recommends awarding Plaintiff pre-judgment interest on the principal owed under COI 1 of $47,017.19 through June 6, 2019, and $5.29 per day thereafter until judgment is entered, and pre-judgment interest of $25,236.22 on the principal owed under COI 2 of through June 6, 2019, and $2.45 per day through June 30, 2019, and that Plaintiff be directed to supplement the record to indicate the appropriate daily rate from July 1, 2019, and that the further accrued interest be awarded through the date any judgment is entered herein, plus post-judgment interest on damages calculated at the statutory rate set forth in 28 U.S.C. § 1961.

## IX.    Objections

A copy of this report and recommendation is being provided to Plaintiff's counsel via ECF.  The Court will mail a copy of this report and recommendation to Defendant at 22003 38th Avenue, Bayside, New York 11361; 3116 Broadway, Astoria, New York 11106; and 1261 Broadway, Suite 1100 New York, New York 10001.  Any written objections to this report and recommendation must be filed

with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge]'s report operates as a waiver of any further judicial review of the magistrate [judge]'s decision.").

Dated:  Brooklyn, New York
        February 14, 2020

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge